IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-62 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ENDS OF JUSTICE ORDER** |
| | : | |
| FRANK ANANE, | : | |
| ERIC ASUMANG, and | : | |
| ANDREW ANSONG, | : | |
| | : | |
| Defendants | : | |

This matter is before the Court on Defendant Frank Anane's Motion for a Continuance (Doc. 46) filed on August 30, 2022, Defendant Eric Asumang's Motion for a Continuance (Doc. 47) filed on August 30, 2022, and Defendant Andrew Ansong's Motion for a Continuance (Doc. 48) filed on August 31, 2022. All three defendants seek a continuance. The government does not oppose the continuance.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance

. . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied all counsel are exercising due diligence in this matter. However, additional time is required for counsel to review discovery and determine how to proceed. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

Accordingly, Defendants' Motions for a Continuance (Docs. 46, 47, and 48) are **GRANTED**. The Court **SETS** this matter for a telephone status conference on **November 29, 2022 at 10:00 a.m.** The Motions Deadline, Pretrial Conference Date, and Trial Date are **VACATED**. The days from August 30, 2022 to November 29, 2022 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED**.

Susan J. Wlott

Judge Susan J. Dlott
United States District Court

2