IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-62 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ENDS OF JUSTICE ORDER** |
| FRANK ANANE, ERIC ASUMANG, and ANDREW ANSONG, | : | |
| Defendants | : | |

The Court held a status conference in this matter on July 26, 2023. Two of the defendants have signed plea agreements which have been filed with the Court. Counsel for the remaining defendant stated that he is close to finalizing a plea agreement.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied all counsel are exercising due diligence in this matter. However, additional time is required for counsel to finalize plea agreements. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

The Sixth Circuit has stressed that there is only one speedy trial clock in multi-defendant prosecutions in which a severance has not been granted. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990); *see also United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (applying one speedy trial clock to all defendants). Thus, the continuance granted is applicable to all Defendants in this matter.

The Court **SETS** this matter for a change of plea on **September 12, 2023 at 11:00 a.m.** The days from July 26, 2023 to September 12, 2023 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED**.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court